UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CAMILLE BURBAN,

    Plaintiff,

v.                                                                          Case No.: 3:17-cv-262-MMH-JBT

CITY OF NEPTUNE BEACH, FLORIDA,

    Defendant.

_____/

## AMENDED COMPLAINT

Plaintiff, Camille Burban, brings this action seeking monetary damages, attorney's fees, and costs against Defendant and alleges the following:

### JURISDICTION AND VENUE

1. This is an action for damages, attorney's fees, and costs for the deprivation of Plaintiff's rights secured by 42 U.S.C. §1983 and 18 U.S.C. §926.

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 in that the case arises under federal law.

3. Venue is appropriate in this judicial district under 28 U.S.C. §1391 because the events that gave rise to this complaint occurred in this district.

### PARTIES

4. Plaintiff, Camille Burban, is an adult resident of Neptune Beach, Duval County, Florida, and is a citizen of the United States. Plaintiff was a member of the Neptune Beach Police Department ("NBPD") for over ten years prior to her separation from service.

5. Defendant, Neptune Beach, Florida, is a municipal entity organized under the Laws of Florida. At all times relevant, the City of Neptune Beach, Florida was responsible for the supervision, training, instruction, discipline, control, and conduct of officers at the Neptune Beach Police Department, and further makes policy for the Neptune Beach Police Department with respect to issuances of identification cards for retired law enforcement officers.

6. At all times relevant, the City Defendant of Neptune Beach had the power, right, and duty to train and control its officers, agents, and employees to conform to the United States Constitution and the Law Enforcement Officers' Safety Act (LEOSA), as well as to ensure all orders, rules, instructions, and regulations promulgated by the Neptune Beach Police Department were consistent with the United States Constitution and LEOSA. At all times relevant, Defendant City of Neptune Beach, its agents, and employees acted under color of state law.

## FACTUAL ALLEGATIONS

7. Plaintiff served as a police officer with Neptune Beach Police Department (NBPD) for over ten years.

8. Plaintiff began her service at NBPD on May 9, 2003 and separated from service at NBPD on May 31, 2013.

9. Plaintiff does not yet receive retirement benefits from NBPD but was vested at the time of her retirement and will receive them as soon as she reaches the age of 55 years.

10. LEOSA is designed to establish national measures of uniformity and consistency to permit trained and certified on duty, off duty, and retired law enforcement officers to carry concealed firearms in most situations so that they may respond immediately to crimes across state

and other jurisdictional lines, as well as to protect themselves and their families from vindictive criminals.

11. One of the main purposes of LEOSA is to protect retired or off-duty law enforcement officers from criminals they have previously interacted with while in the line of duty.

12. 18 U.S.C. §§ 926B, 926C (LEOSA) mandates that qualified active law enforcement officers and retired law enforcement officers be permitted to carry concealed weapons anywhere within the United States.

13. On October 18, 2016, Plaintiff requested NBPD issue her a photographic identification card, pursuant to LEOSA, so that Plaintiff could receive certification to carry a concealed firearm. However, NBPD arbitrarily denied her request for a photographic identification card.

14. NBPD Standard Operating Procedure 4.02(G)(1)d states the officer must be employed for fifteen (15) years with the department in order to receive the identification card for LEOSA.

15. Relevant federal law dictates that in order to get the photographic identification card pursuant to LEOSA, 18 U.S.C. §926C, officers must only have worked as a law enforcement officer for ten (10) years.

16. Lieutenant Key noted in his written response to Plaintiff's request that an officer had to have "retired in good standing per SOP 4.02(G)(1)b."

17. Lieutenant Key's statement implied that Plaintiff did not retire in good standing with NBPD.

18. Lieutenant Key also noted in his written response "[r]etires must qualify with NBPD Certified Firearms Instructors per SOP 4.02(G)(2)a."

19. Relevant federal law dictates that once given an identification card, qualified retired law enforcement officers, in order to carry the concealed firearms, are required to have certification issued by the state in which the individual resides or by a certified firearms instructor that they have met the active duty standards for qualification in firearms training established by the state or any law enforcement agency within that state if the state does not have set standards.

20. Nowhere in the relevant federal law does it require the retired law enforcement officer qualify with the specific agency from which they retired.

21. Plaintiff is a retired NBPD police officer, and pursuant to LEOSA, 18 U.S.C. §926C, is a retired law enforcement officer, as discussed in paragraphs 22-30, entitling her to an identification card from NBPD.

22. Plaintiff separated from service after more than ten years of service with the agency, serving from May 9, 2003 – May 31, 2013.

23. Plaintiff separated from service as a law enforcement officer with NBPD in good standing. Plaintiff has email communications evidencing her good standing as of February 8, 2013; there are no further communications or documentation that her standing ever changed prior to her separation from NBPD.

24. Despite being on light duty status, beginning in January of 2013, due to an arm injury, at the time of her separation from service Plaintiff was authorized by law to engage in or supervise the prevention, detection, investigation, prosecution, or the incarceration of any person in violation of the law.

25. At the time of her separation from service, Plaintiff had statutory powers of arrest and/or apprehension under the Uniform Code of Military Justice, as she was an officer with the NBPD.

26. Plaintiff has not been officially found, by a qualified medical professional employed by NBPD, to be unqualified for reasons relating to mental health, to be issued photographic identification.

27. Plaintiff has not entered into an agreement with NBPD in which Plaintiff acknowledges that she is not qualified for photographic identification for reasons relating to mental health.

28. Plaintiff is not under the influence of alcohol or another intoxicating or hallucinatory drug or substance.

29. On April 14, 2017 Plaintiff met, at her own expense, the standard for qualification in firearms training for active law enforcement officers, as determined by the State of Florida.

30. Plaintiff is not prohibited by federal law from possessing a firearm.

31. Given that Plaintiff meets all requirements under LEOSA to carry a concealed firearm, she sought clarification from Lieutenant Key and Chief Pike regarding their denial of her request for an identification card.

32. After sending copies of NBPD's Standard Operating Procedure, Lieutenant Key stated to Plaintiff he would have no further communication regarding the matter.

33. Chief Pike has not acknowledged Plaintiff's last communications asking for clarification on their denial.

34. Plaintiff retained counsel to end the arbitrary denial of the issuance of her identification card, which violates her rights under federal law.

35. Plaintiff's counsel sent a letter to Elaine Brown, Mayor of Neptune Beach, Andrew Hyatt, City Manager of Neptune Beach, and Richard Pike, Chief of Police for NBPD, on December 7, 2016 requesting they issue Plaintiff an identification card.

36. No one responded to counsel's request for issuance of a NBPD identification card in accordance with federal law.

37. As of the date of filing, Defendant has failed to recognize Plaintiff as a retired law enforcement under LEOSA and certify as such, thus still denying Plaintiff's right to carry a concealed firearm under the federal statute.

### COUNT I: 42 U.S.C. §1983 VIOLATION OF FEDERAL RIGHTS GRANTED BY 18 U.S.C. §926C (LEOSA) UNDER COLOR OF LAW
**(Defendant City of Neptune Beach, Florida)**

38. Paragraphs 1 through 37 are adopted and incorporated by reference herein.

39. Plaintiff further alleges that LEOSA grants retired law enforcement officers- including those who have retired from NBPD the right to carry concealed firearms, including the right to carry them across state lines with the proper permit. 18 U.S.C. §926C.

40. Plaintiff, as a qualified retired law enforcement officer, is entitled to this right granted under LEOSA. This is a federal right that is due protection under 42 U.S.C. §1983.

41. LEOSA does not foreclose a remedy under 42 U.S.C. § 1983.

42. By denying certification as a retired law enforcement officer to Plaintiff, in the form of the identification card, despite Plaintiff's attempts to comply with the federal requirements, Defendant deprived Plaintiff of her right to carry concealed firearms under LEOSA.

43. Said denial has rendered Plaintiff and her family defenseless against potential threats posed by released prisoners that she had interacted with during her service at NBPD.

44. Denying Plaintiff the identification card was an unabashed disregard of LEOSA and its purpose, and sets a dangerous precedent in which directors of city agencies may ignore federal law without consequence.

45. LEOSA's Legislative History unequivocally shows that Congress intended the statute to allow retired law enforcement officers to be able to obtain a permit in order to protect themselves, their families, and their communities well after they retire. *See* H.R. Rep. No. 108-560, at 3-4 (2004).

46. Defendant, City of Neptune Beach, its agents and employees, acting within their authority and under color of state law, instituted and followed practices, customs, and policies which directly resulted in the denial of Plaintiff's identification card, which was the moving force causing her injuries and is actionable under §1983 as a violation of LEOSA. Specifically, SOP 4.02(G)(1)d provides that a police officer must have 15 years of service to obtain an identification card, when – pursuant to LEOSA – Plaintiff is entitled to an identification card with only 10 years of service. Additionally, SOP 4.02(G)(2)a requires retirees qualify with NBPD Certified Firearms Instructors, when – pursuant to LEOSA – Plaintiff only must qualify with a Certified Firearms Instructor, not specifically with the agency from which she retired. Alternatively, the officers and city employees who denied Plaintiff's request for an identification card, Chief Pike and Lieutenant Key, were the final policymakers for the City, as their decisions were not immediately or effectively reviewable.

47. As a direct and proximate result of the willful and deliberate action or inaction of the City of Neptune Beach, Plaintiff has suffered damages, including, but not limited to, loss of liberty, injury to reputation, humiliation, severe pain and suffering, and severe emotional and psychological distress.

48. The actions or inactions alleged above were undertaken or failed to be undertaken because the City's willful, wanton, callous, and knowing disregard of the clearly established rights of Plaintiff to receive an identification card upon meeting the requirements set forth by LEOSA.

49. Defendants' aforementioned actions, policies, practices, and customs resulted in deprivation of Plaintiff's federal rights.

WHEREFORE, Plaintiff demands judgment against Defendant, the City of Neptune Beach, Florida, for:

    (a) actual and compensatory damages;

    (b) injunctive relief directing Defendants to certify Plaintiff as a retired law enforcement officer for the purposes of LEOSA and issue her the identification card, to which she is entitled;

    (c) a declaration that Plaintiff is entitled to an identification card under LEOSA;

    (d) an award of attorney's fees and costs; and

    (e) any relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Camille Burban hereby demands trial by jury on all issues so triable.

DATED this 20th day of April, 2017.

Respectfully submitted,

*/s/ Camille Sheppard*
Wm. J. Sheppard, Esquire
Florida Bar No.: 109154
Elizabeth L. White, Esquire
Florida Bar No.: 314560
Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Bryan E. DeMaggio, Esquire
Florida Bar No.: 055712
Jesse B. Wilkison, Esquire
Florida Bar No.: 118505
Camille E. Sheppard, Esquire
Florida Bar No.: 124518
Sheppard, White, Kachergus & DeMaggio, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone:    (904) 356-9661
Facsimile:    (904) 356-9667
Email:        sheplaw@att.net
COUNSEL FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 20th, 2017, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to the following:

    **Richard J. Plotkin, Esquire**
    **Ashlea A. Edwards, Esquire**
    **GrayRobinson, P.A.**
    **50 N. Laura Street, Suite 1100**
    **Jacksonville, Florida 32202**

*/s/ Camille Sheppard*
ATTORNEY

lr[burban.camille.amend.complaint]

9